FILED '08 DEC 08 14:20 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISBET CAFFARELLI,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

CV-07-1438-TC

FINDINGS & RECOMMENDATION

COFFIN, Magistrate Judge:

## INTRODUCTION

Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income(SSI)under Title XVI of the Social Security Act.

1 - FINDINGS & RECOMMENDATION

Defendant moves the court to remand for further proceedings to correct errors in the ALJ's decision ( # 24). Plaintiff opposes additional proceedings and seeks a remand for the calculation and immediate award of benefits.

As discussed below, defendant's arguments are not persuasive in this particular action. The District Court should exercise its discretion and remand this matter for the calculation and award of benefits.

## THE FIVE-STEP PROCESS AND ITS APPLICATION BY THE ALJ IN THIS CASE

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. See Tacket v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner, at step five, to identify jobs existing in significant numbers in the national economy that the claimant can perform. Id.; see also 20 C.F.R. § 404.1560(c)(2).

Here, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset of disability; see 20 C.F.R. § 405.1520(b).

At step two, the ALJ found that plaintiff had the following severe impairments: fibromyalgia, migraine headaches, irritable bowel syndrome, personality disorder, depression and anxiety ; see 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of a listed impairment ; see 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed plaintiff with the residual functional capacity (RFC) to lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk for 6 hours of an 8 hour work day; she is able to perform simple, repetitive tasks; she should not be required to have high production; and she is limited to occasional public contact; see 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

At step four the ALJ found that plaintiff was not able to perform her past relevant work; see 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f).

At step five, based in part upon vocational expert testimony, the ALJ found that plaintiff could perform work existing in significant numbers in the national economy, including work as a packager, as a preparer and server, and as a motel housekeeper; see § 416.920(a)(4)(v), 416.920(g).

## APPLICABLE LAW

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).

Improperly rejected evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be

made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman v. Apfel*, 211 F.3d at 1178 citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Of course, the third prong of this test is actually a subpart of the second. *See Harman*, 211 F.3d at 1178 n. 7.

In Benecke v. Barnhart, 379 F.3d 587 (9th Cir. 2004), the Ninth Circuit Court of Appeals stated:

> We now clarify that in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate.

Benecke, 379 F.3d at 595.

As discussed below, the present case is one of the unusual cases, and, like in Benecke, "remanding for further administrative proceedings would serve no useful purpose and would unnecessarily extend [claimant's] long wait for benefits." See, Id.

## DISCUSSION

Defendant concedes that the ALJ improperly addressed the limitations propounded by Dr. Ugolini that "at this time, plaintiff would have a great deal of difficulty in adapting to work-related stressors and interacting appropriately with co-workers, supervisors and the public." P. 6 of Defendant's Motion (#24).

Defendant concedes that the ALJ did not properly address the limitations propounded by Dr. Lahman and Dr. Rethinger that plaintiff should not work with the general public and that her

4 - FINDINGS & RECOMMENDATION

contacts with co-workers be rare, short, and structured during which supervisors may need to be present to avoid undue charges of harassment. P. 7 of Defendant's Motion.[1]

Defendant also concedes that the ALJ did not properly address plaintiff's testimony and her complaints therein. Id. Of significance and consistent with the above opinions are plaintiff's complaints that she has problems being around people, panics when out in public and leaves home only once a week due to her social limitations.

Under Harmon, supra, Smolen, supra, and Benecke, supra, the improperly rejected evidence set forth above should be credited, and, as there are no outstanding issues that must be resolved, benefits should be directed. Even though the vocational expert was not presented with the above limitations, it is clear from the record that a person with the above limitations could not hold down a full time job. Holding down a full time job would not be possible for someone: 1) who would have a great deal of difficulty in adapting to work related stressors and interacting appropriately with coworkers, supervisors and the public; 2) who would require that contacts with coworkers be rare, short, and structured during which supervisors may need to be present to avoid undue charges of harassment; and 3) who has problems being around people, panics when out in public and leaves home only once a week due to her social limitations.

All of defendant's arguments for a remand for further proceedings have been considered by this court and found unpersuasive. As stated in Benecke,

---

[1] The record as a whole supports the opinions and findings of all the physicians referenced above. The record contains a history of physical and extreme mental limitations that are tied together.

5 - FINDINGS & RECOMMENDATION

> Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication..... Requiring remand for further proceedings any time the vocational expert did not answer a hypothetical question addressing the precise limitations established ... would contribute to waste and delay and would provide no incentive to the ALJ to fulfill her obligation to develop the record.

Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004). See also, Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) (noting that the "Commissioner, having lost this appeal, should not have another opportunity ... any more than Moisa, had he lost, should have an opportunity for remand for further proceedings ...").

For the reasons discussed above, the District Court should exercise its discretion to remand for the calculation and award of benefits.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for remand (#24) for further proceedings should be denied. The Commissioner's decision should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

DATED this 8th day of December, 2008.

Thomas M. Coffin
United States Magistrate Judge